ROBERTS, Justice.
The Department of Human Services appeals from the judgments entered in the District Court (Belfast, Staples, J.) denying the Department’s petition to terminate the mother’s parental rights to Michele M. and Joseph H. The Department contends that the District Court rationally could have found sufficient clear and convincing evidence to support termination and that the court’s failure to terminate does not repre *768 sent the truth and right of the case, citing Harmon v. Emerson, 425 A.2d 978, 982 (Me.1981). We affirm the judgments.
The Department states in its brief that “the court made all the necessary findings ... to terminate parental rights but inexplicably declined to do so.” The Department’s contention is correct only in part. The court found that as of November 1995 the mother was unable to protect the children from jeopardy, 22 M.R.S.A. § 4055(l)(B)(2)(b)(i), and she was unable to take responsibility for the children, id. § 4055(l)(B)(2)(b)(ii). More importantly, however, the court was not satisfied that it was highly probable that “these circumstances are unlikely to change within a time which is reasonably calculated to meet the [children’s] needs,” § 4055(l)(B)(2)(b)(i) & (ii). The court listed four factors that “should be evaluated again before the petitions are granted.” The court apparently found the presumption contained in section 4055(1-A) sufficiently rebutted.
Moreover, we cannot conclude that the court ignored the relationship between the temporal limitations of subsections (i) and (ii) of section 4055(l)(B)(2)(b) and those factors relating to permanency expressed in section 4050. The court directed that certain steps be taken, with a view toward reevaluation of the mother’s circumstances within one year. The evidence before the court did not compel a contrary conclusion.
The entry is:
Judgments affirmed.
All concurring.